

# NUMBER 13-17-00333-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LA JOYA INDEPENDENT SCHOOL
DISTRICT,                                                    Appellant,

v.

ALBERTO TREVINO D/B/A
BOB TREVINO INSURANCE
WORKPLACE BENEFITS ADVISOR,                                  Appellee.

On appeal from the 430th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Hinojosa**

Appellee Alberto Trevino d/b/a Bob Trevino Insurance Workplace Benefits Advisor

(Trevino) sued appellant La Joya Independent School District (La Joya ISD) for breach of

contract.   La Joya ISD filed a plea to the jurisdiction asserting governmental immunity, which the trial court denied.   By four issues, which we treat as two, La Joya ISD argues that:   (1) Trevino failed to plead or establish recoverable damages necessary to invoke the limited statutory waiver of immunity for breach of contract claims; and (2) the trial court abused its discretion in overruling its parol evidence objection to Trevino's affidavit.   We reverse and render.[1]

## I.   BACKGROUND

La Joya ISD and Trevino executed a written contract titled "Agent of Record and Insurance Consulting and Professional Services Agreement" (the agreement).   Pursuant to the agreement, Trevino would provide various services in connection with La Joya ISD's provision of health care benefits to its employees, including:   serving as a liaison between La Joya ISD, which is self-insured, and the third-party administrator; assisting employees with benefits enrollment; and assisting employees with filing claims.   As consideration for Trevino's services, the parties agreed to the following:

> [Trevino] will accept commissions that are considered industry standards on an employee sponsored/paid product by the selected insurance carriers. [Trevino] will also receive a fee of $2.35 [per employee per month] to be included in the District's Administrative Services Only (ASO) Health/Medical Plans fees along with 15% commissions on the Districts Reinsurance/Stop Loss Coverage, this will be considered as full payment for services rendered.

The term for the agreement was September 9, 2015 to August 31, 2018.   La Joya ISD could terminate the agreement at any time for good cause, provided that it notified Trevino

---

[1] We issued our original memorandum opinion in this cause on February 14, 2019.   Appellee has filed a motion for rehearing.   *See* TEX. R. APP. P. 49.1.   We deny the motion for rehearing but withdraw our prior memorandum opinion and judgment and substitute the following memorandum opinion and accompanying judgment.

of the reasons for termination and allowed Trevino six months to remedy or address the raised concerns.   On January 27, 2017, La Joya ISD terminated the agreement.

Trevino filed suit alleging that La Joya ISD breached the agreement by terminating it without good cause and without providing Trevino an opportunity to address any concerns.[2]   Trevino sought recovery of the actual damages "he would have contractually stood to receive (1) had Defendant not breached the Agreement; (2) had the Agreement not been renewed and permitted to expire on August 31, 2018; and (3) had [Trevino] been paid during the life of the Agreement in conformance with the [Agreement's consideration clause.]"

La Joya ISD filed a plea to the jurisdiction[3] asserting that Trevino failed to plead, and could not establish, recoverable damages sufficient to invoke the statutory waiver of immunity for breach of contract actions.   See TEX. LOC. GOV'T CODE ANN. §§ 271.151–.160 (West, Westlaw through 2017 1st C.S.).   Specifically, La Joya ISD maintained that Trevino could not demonstrate a balance due and owing under the agreement.   La Joya ISD supported its plea with Trevino's deposition testimony in a separate lawsuit and the affidavit of La Joya ISD's superintendent.   La Joya ISD maintained that this evidence established that insurance companies paid Trevino's commissions and fees, not La Joya ISD.

Trevino filed a response, arguing that the agreement entitled him to compensation

---

[2] Trevino initially alleged causes of action for business disparagement, defamation, breach of contract, fraud, and injunctive and declaratory relief.   Trevino subsequently filed a first and second amended petition.   Trevino's live pleading alleges only a claim for breach of contract.

[3] La Joya ISD filed a "First Amended Plea to the Jurisdiction, or in the Alternative, Traditional and No-Evidence Motion for Summary Judgment."   Only the trial court's denial of La Joya ISD's plea to the jurisdiction is at issue in this appeal.

3

from La Joya ISD, not a third party to the agreement. In his supporting affidavit, Trevino testified that the funds used to pay his fees and commissions originated from La Joya ISD.

La Joya ISD filed a reply, in which it argued that Trevino seeks consequential damages in the form of lost profits, which are not recoverable under section 271.153 of the local government code. *See id.* § 271.153. La Joya ISD also objected to Trevino's affidavit, arguing that it constituted "an attempt to offer parole [sic] evidence to vary the terms of the parties' written Agreement."

After holding a hearing, the trial court denied La Joya ISD's plea to the jurisdiction. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2017 1st C.S.).

## II. DISCUSSION

By its first issue, La Joya ISD argues that Trevino did not establish, through pleadings or evidence, recoverable damages sufficient to invoke the statutory waiver of immunity for breach of contract actions. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151–.160. Trevino responds that La Joya ISD does not have governmental immunity in the first instance because it was performing a proprietary, rather than a governmental, function. Trevino contends in the alternative that he is seeking direct damages, which are recoverable under section 271.153 of the local government code as a "balance due and owed" on the contract. *See id.* § 271.153(a)(1).

## A. Standard of Review and Applicable Law

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action

4

without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id*. Governmental immunity[4] deprives a trial court of jurisdiction over lawsuits in which the State's political subdivisions have been sued. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). Therefore, governmental immunity is properly asserted in a plea to the jurisdiction. *Id*.

The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). A governmental unit is entitled to immunity unless the plaintiff pleads facts invoking a waiver of immunity. *See Garcia*, 372 S.W.3d at 636; *Miranda*, 133 S.W.3d at 224. We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, a trial court's review "mirrors that of a traditional summary judgment motion." *Garcia*, 372 S.W.3d at 635. The trial court must take as true all evidence favorable to the nonmovant,

---

[4] Governmental immunity is a common law doctrine protecting governmental entities from suit, similar to sovereign immunity. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011). While sovereign immunity protects the State and its various agencies from suit, governmental immunity protects the State's political subdivisions, such as cities, counties, and school districts, from suit. *Id*. As a governmental unit, La Joya ISD is generally protected from suit by governmental immunity.

indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. If there is a fact question regarding the jurisdictional issue, the trial court must deny the plea to the jurisdiction. *Id*. at 227–28. However, if the evidence is undisputed or if the plaintiff failed to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*. at 228.

## B. Proprietary or Governmental Function

We first address Trevino's contention that La Joya ISD's provision of health insurance to its employees constitutes a proprietary function, for which governmental immunity does not apply.

When a governmental unit performs a governmental function, it acts as a branch of the state and shares in the state's immunity, which is then called governmental immunity. *Wasson Interests, Ltd. v. City of Jacksonville (Wasson II)*, 559 S.W.3d 142, 146 (Tex. 2018). A governmental unit may also perform proprietary functions, which are acts conducted in a private capacity, for the benefit only of those within the governmental unit's corporate limits, and not as an arm of the government. *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006). When a governmental unit acts in a proprietary capacity, governmental immunity does not apply. *See Wasson II*, 559 S.W.3d at 146.

However, the governmental/proprietary distinction applies only to municipalities. *Wasson Interests, Ltd. v. City of Jacksonville* (*Wasson I*), 489 S.W.3d 427, 430 n.3 (Tex. 2016). A school district is purely a governmental agency and exercises only those powers that are delegated to it by the State. *Id*. School districts perform no proprietary functions which are separate and independent of their governmental powers. *Id*.; *see*

6

*Galveston Indep. Sch. Dist. v. Clear Lake Rehab. Hosp., LLC*, 324 S.W.3d 802, 808 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Fowler v. Tyler Indep. Sch. Dist.*, 232 S.W.3d 335, 339 (Tex. App.—Tyler 2007, pet. denied); *Dillard v. Austin Indep. Sch. Dist*, 806 S.W.2d 589, 594 (Tex. App.—Austin 1991, writ denied); *see also S. Coast Spine & Rehab. PA v. Brownsville Indep. Sch. Dist.*, No. 13-11-00270-CV, 2014 WL 1789546, at *3 (Tex. App.—Corpus Christi Apr. 30, 2014, no pet.) (mem. op.).

We further note that La Joya ISD is required by statute to provide health insurance to its employees. *See* Tex. Educ. Code Ann. § 22.004 (West, Westlaw through 2017 1st C.S.); *see also S. Coast Spine & Rehab PA*, 2014 WL 1789546, at *3. Therefore, even if La Joya ISD could perform proprietary functions, its actions taken in relation to satisfying this statutory mandate would not qualify as such. *See Clear Lake*, 324 S.W.3d at 809.

We conclude that La Joya ISD was engaged in a governmental function when it contracted with Trevino. Therefore, unless waived by statute, it retained its immunity from suit. *See Wasson I*, 489 S.W.3d at 429–30. We now turn to La Joya ISD's argument that Trevino failed to plead or establish recoverable damages sufficient to invoke a statutory waiver of its immunity.[5]

### C.  Statutory Waiver of Immunity

#### 1.  Applicable Law

Texas Local Government Code section 271.152 waives qualifying local

---

[5] We also reject Trevino's contention that La Joya ISD's plea to the jurisdiction was defective because it was not verified. A jurisdictional plea is not among those pleas required to be verified. *See* Tex. R. Civ. P. 93; *Pakdimounivong v. City of Arlington*, 219 S.W.3d 401, 413–14 (Tex. App.—Fort Worth 2006, pet. denied); *Ab–Tex Beverage Corp. v. Angelo State Univ.*, 96 S.W.3d 683, 688 (Tex. App.—Austin 2003, no pet.); *American Pawn & Jewelry, Inc. v. Kayal*, 923 S.W.2d 670, 672 (Tex. App.—Corpus Christi 1996, writ denied) *disapproved on other grounds by Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 19 (Tex. 2000).

governmental entities' immunity from suit for certain breach of contract claims, providing:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152. A "[c]ontract subject to this subchapter" includes "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id*. § 271.151(2)(A). According to its plain terms, the statute by clear and unambiguous language waives a governmental entity's immunity from suit for breach of a written contract. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011).

For section 271.152's waiver of immunity to apply, a party must claim damages within the limitations set out in section 271.153 since "[chapter 271] does not waive immunity from suit on a claim for damages not recoverable under Section 271.153."[6] *Zachry Const. Corp. v. Port of Houston Auth. Of Harris Cty.*, 449 S.W.3d 98, 110–11 (Tex. 2014). As relevant here, section 271.153 limits recoverable damages to "the balance due and owed by the local governmental entity under the contract[.]" TEX. LOC. GOV'T CODE ANN. § 271.153(a)(1). In addition, section 271.153(b)(1) precludes recovery of

---

[6] In *Zachry Const. Corp. v. Port of Houston Auth. of Harris Cty.*, the Texas Supreme Court explicitly disapproved of this Court's prior cases that have a contrary holding on this issue. 449 S.W.3d 98, 110 n.54 (Tex. 2014) (disapproving of *Santa Rosa Indep. Sch. Dist. v. Rigney Const. & Dev., LLC,* No. 13–12–00627–CV, 2013 WL 2949566, at *5 (Tex. App.—Corpus Christi June 13, 2013, pet. denied) (mem. op.) and *Corpus Christi Indep. Sch. Dist. v. TL Mech.*, No. 13–11–00624–CV, 2012 WL 1073299, at *3 (Tex. App.—Corpus Christi Mar. 29, 2012, pet. denied) (mem. op.)). While not referenced in *Zachry* due to its then recent disposition, we also recognize that our holding to the contrary in *La Joya Indep. Sch. Dist. v. Villarreal* has been implicitly overruled by *Zachry*. No. 13-13-00325-CV, 2014 WL 3050484, at *7 (Tex. App.—Corpus Christi July 3, 2014, pet. denied).

consequential damages, "except as expressly allowed under Subsection (a)(1)." *Id*.
§ 271.153(b)(1); *Zachry*, 449 S.W.3d at 106.

A balance due and owed under the contract "is simply the amount of damages for breach of contract payable and unpaid." *Zachry*, 449 S.W.3d at 111. It is not necessary for the balance due and owed to be ascertainable from the contract itself. *Id.* Direct damages for breach—the necessary and usual result of the defendant's wrongful act—are recoverable under the statute. *Id*.

### 2. Analysis

La Joya ISD argues that Trevino "pleaded no facts that would show that there is a 'balance due and owed' to Trevino by La Joya ISD[.]"[7] La Joya ISD maintains that Trevino's pleadings seek only lost profits and that he does not claim any amounts due and owed under the contract. Trevino responds that he is seeking direct damages for breach of the agreement, which are recoverable as an amount due and owed under the contract.

We are guided in our analysis by the Texas Supreme Court's decision in *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006). In that case, the Tookes contracted with the City of Mexia (the City) to furnish labor and equipment for collecting brush and leaves curbside within the City. *Id*. at 329. The City terminated the three-year contract after fourteen months. *Id*. at 329–30. The Tookes sued the City for breach of contract, "asserting that they had relied on a three-year term in purchasing equipment. They

---

[7] As discussed below, we agree that Trevino's pleadings do not establish a waiver of La Joya ISD's governmental immunity. Therefore, we need not address La Joya ISD's evidentiary challenge and related arguments.

9

claimed unspecified damages, but requested jury findings only on lost profits and attorney fees." *Id*. at 330. The trial court rendered judgment on the verdict in favor of the Tookes. *Id*. While the appeal was pending, the legislature enacted section 271.151–.160 of the local government code. *Id*. The court determined that the statute's waiver of immunity was retroactive and covered the claims raised by the Tookes. *Id*. However, it concluded that the damages awarded to the Tookes were not allowed by the statute. *Id*.

The court noted that the Tookes did not claim that the City failed to pay for work actually performed; rather, they sought recovery only for lost profits they would have made had the contract continued. *Id*. at 346. It categorized the Tookes' damages as "consequential damages excluded from recovery under [section 271.153]." *Id*. The court explained that even though the Tooke's contract claim fell within section 271.152, the City's immunity from suit was not waived because the Tookes did not claim damages within section 271.153's limitations. *Id*.

In *Zachry*, the Texas Supreme Court examined its holding in *Tooke*, explaining: "In *Tooke*, the only damages claimed were precluded by Section 271.153, and therefore immunity was not waived. Had the Tookes claimed payment for work done, immunity would have been waived, regardless of whether the Tookes could prevail, as long as the Tookes had some supporting evidence." 449 S.W.3d at 110.

Like the plaintiffs in *Tooke*, Trevino does not claim that La Joya ISD failed to pay for work he had performed prior to the contract's termination. Rather, Trevino seeks recovery of the fees and commissions he would have earned for future services rendered had the contract continued through the end of its term. Under *Tooke*, such damages

10

constitute lost profits which are consequential damages excluded from recovery under section 271.153.[8] *See Tooke*, 197 S.W.3d at 346; *Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 50 (Tex. 1998) (explaining that lost profits include money that would have been made if the bargain had been performed as promised); *City of Houston v. Petroleum Traders Corp.*, 261 S.W.3d 350, 359 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (declining plaintiff's invitation to depart from *Tooke*'s treatment of lost profits, noting that the Texas Supreme Court clearly stated that lost profits are consequential damages excluded from recovery under section 271.153); *see also Tex. Southmost Coll. Dist. v. Flores Invs., Inc.*, No. 13-16-00473-CV, 2018 WL 1101656, at *4 (Tex. App.—Corpus Christi Mar. 1, 2018, no pet.) (mem. op.) (holding that a college district's governmental immunity was not waived on a claim for breach of a security services contract that was terminated prematurely where plaintiff sought damages for work it "should have performed").

We conclude that Trevino's pleadings do not invoke chapter 271's limited statutory waiver of immunity for breach of contract claims. *See Garcia*, 372 S.W.3d at 636; *Miranda*, 133 S.W.3d at 224. We sustain La Joya ISD's first issue.[9]

## D.   Opportunity to Amend Pleadings

Trevino argues that in the event this Court concludes that his pleadings are deficient, we should remand the cause to the trial court to afford him an opportunity to

---

[8] We reject Trevino's contention that his damages should be categorized as direct damages in the form of lost earnings. Trevino's supporting authority in this regard is inapposite as it pertains to employment contracts between private parties. As stated above, the subject contract is a services contract with a governmental entity.

[9] Because our treatment of La Joya ISD's first issue is dispositive, we need not address its second issue. *See* TEX. R. APP. P. 47.1.

amend his pleadings.

### 1. Applicable Law

If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the plaintiff should be permitted to replead. *Miranda*, 133 S.W.3d at 226–27. On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plaintiff is not entitled to replead. *Id*. at 227. In addition, "[i]f a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action." *Harris Cty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004); *see Miranda*, 133 S.W.3d at 231 (observing that parties had opportunity to amend their pleadings and did so and were not entitled to another opportunity to replead).

### 2. Analysis

In the present case, Trevino amended his pleadings twice, but never in response to an adverse ruling from the trial court. Generally, "'a plaintiff may stand on his pleadings in the face of a plea to the jurisdiction unless and until a court determines that the plea is meritorious.'" *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) (quoting lower court's opinion). Where a trial court denies a plea to the jurisdiction, but an appellate court holds that the plaintiff's pleadings are deficient, the plaintiff is entitled to a remand if the defects are curable. *Id*. at 839–40.

Trevino argues that he can cure the defects in his petition by alleging a § 1983

claim premised on retaliation for Trevino's failure to comply with demands for political support. *See* 42 U.S.C.A. § 1983 (West, Westlaw through P.L. 116-5). However, "remand is a mechanism for parties, over whose claims the trial court may have jurisdiction, to plead facts tending to establish that jurisdiction, not for parties, over whose claims the trial court does not have jurisdiction, to plead new claims over which the trial court does have jurisdiction." *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016). We conclude that Trevino is not entitled to a remand so that he can allege an entirely new cause of action. *See id*. As to the breach of contract claim, we further conclude that Trevino's pleadings affirmatively negate the existence of jurisdiction. *See Miranda*, 133 S.W.3d at 226–27. Therefore, Trevino is not entitled to an opportunity to amend his pleadings. *See id.*

### III. CONCLUSION

We reverse the trial court's order denying La Joya ISD's plea to the jurisdiction and render judgment dismissing Trevino's claims.

LETICIA HINOJOSA
Justice

Delivered and filed the
4th day of April, 2019.

13